ARGUED SEPTEMBER 22, 2020
MANDATE ISSUED JANUARY 31, 2023

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE D.C. CIRCUIT

Rinat Akhmetshin,

    *Plaintiff-Appellant*,

v.

William Browder,

    *Defendant-Appellee*.

No. 19-7129

**Defendant-Appellee's Response to Rule 47.1(f) Show Cause Order**

Pursuant to D.C. Cir. Rule 47(f)(1), Defendant-Appellee William Browder respectfully submits this response to the Clerk's Order of January 31, 2023, directing the parties to show cause why the sealed portions of the record of this case should not be unsealed. For the reasons set forth below, those portions of the record should remain under seal because the circumstances that warranted sealing of those limited portions of the record below are unchanged, and continue to warrant sealing of those portions of the record filed in this Court.

1. The sealed portions of the record in this case consist of three recitations of a single number—the total revenues derived from the sales of Mr. Browder's book, *Red Notice*, in the District of Columbia—and spreadsheets filed as an exhibit to substantiate that number. *See* JA355, JA356, JA373, JA374. In opposing Mr.

Browder's motion to dismiss the complaint, Plaintiff-Appellant Rinat Akhmetshin asserted that the District Court could exercise personal jurisdiction over Mr. Browder in part because, Mr. Akhmetshin claimed, evidence of *Red Notice*'s sales in the District would establish that Mr. Browder had earned substantial revenues from the sale of goods in the District. JA153, JA157 n.14; *see* D.C. Code § 13-423(a)(4) (providing for personal jurisdiction in the District "as to a claim for relief arising from [a] person's . . . causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he . . . derives substantial revenue from goods used or consumed . . . in the District of Columbia"). In his Reply, Mr. Browder explained that the revenues derived from the sales of Red Notice were "wholly insubstantial" and, in any event, that Mr. Browder had not derived *any* revenues from the book's sales because the property rights in the book belonged to Hermitage Media, not to Mr. Browder. JA355. To support that contention, Mr. Browder obtained the sales figures for *Red Notice* from Simon & Schuster, the book's publisher, and submitted a supporting declaration attesting to the revenues Hermitage Media received from sales of *Red Notice* in the District. JA372–73.

Concurrent with the filing of his Reply, Mr. Browder sought permission from the District Court to file the Reply and supporting materials under seal or in redacted form. Dist. Ct. Dkt. 25. Citing the factors set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), Mr. Browder argued that (1) there is no public need for

2

access to Simon & Schuster's sales figures; (2) that the public had no prior access to those sales figures; (3) that Mr. Browder had objected to disclosure, having obtained the figures only to aid in his defense to the Court's lack of personal jurisdiction over him; (4) that both Hermitage and Simon & Schuster had substantial property interests in maintaining confidentiality of the sales figures, which would give competitors insight into Hermitage's business and into Simon & Schuster's pricing decisions and marketing strategies; (5) that disclosure would therefore prejudice both Hermitage and Simon & Schuster; and (6) the sales figures were introduced only for the limited purpose of establishing that Mr. Browder had not received substantial revenue through the sales of *Red Notice* in the District.

2. In a sealed minute order dated March 12, 2019, the District Court weighed all of the *Hubbard* factors and concluded, based upon Mr. Browder's representations, that the sales figures constitute commercially sensitive and proprietary information, and could be maintained under seal. However, in light of the presumption favoring public access to judicial records, the District Court ordered Mr. Browder to file public versions of his filings, redacted solely to the extent necessary to preserve the confidentiality of the relevant information, which Mr. Browder did. *See* JA341–74.

3. On September 16, 2019, the District Court dismissed Mr. Akhmetshin's complaint for lack of personal jurisdiction. JA375. Among other things, the District

Court held that it could not exercise personal jurisdiction under Section 13-423(a)(4)'s "substantial revenue" plus-factor based upon revenues earned by the Hermitage corporate entities, and—in any event—that the sales figures of *Red Notice* in the District (*i.e.*, the redacted material) did not constitute "substantial revenue." JA393–94 & n.13.

    4. On appeal, this Court agreed with those conclusions, holding as follows:

> Simon & Schuster, rather than Browder himself, makes the sales decisions for *Red Notice*, including where to sell the book, how many copies each state or store receives, and how the book is advertised. That the book is sold in the District does not, therefore, mean that Browder himself is regularly doing business here.
>
> Similarly, Browder does not directly receive revenue from sales of *Red Notice* in the District. Such revenue goes to Simon & Schuster, as well as one of Hermitage's corporate entities. And the amount of revenue generated by sales of *Red Notice* in the District—per sealed documents Browder submitted to the District Court—is *de minimis* for a book that is, in Akhmetshin's own words, a "best-seller." Accordingly, based on the current record, we cannot say that Browder derives substantial revenue from sales of the book in the District.

*Akhmetshin v. Browder*, 983 F.3d 542, 556–57 (D.C. Cir. 2020) (citations omitted). The Court vacated the District Court's judgment and remanded for jurisdictional discovery in aid of Mr. Akhmetshin's attempt to establish personal jurisdiction over Mr. Browder under § 13-423(a)(4)'s "persistent course of conduct" plus-factor only—not the "substantial revenue" plus factor. *Id.* at 558. On rehearing, this Court

certified questions to the D.C. Court of Appeals and, after that Court answered the certified questions, this Court vacated its prior opinion and judgment, and instead remanded for further consideration of the entire case in light of the D.C. Court of Appeals' opinion. *See* Per Curiam Judgment (Dec. 19, 2022).

5. This Court should maintain the sealed portions of the record under seal. No circumstance has changed that would alter the District Court's determination that the sales figures should be redacted from the publicly filed versions of Mr. Browder's Reply and supporting documents. Nor has any circumstance arisen that would justify unsealing those materials in this Court.

Sealing decisions are left to the "sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 293, 316–17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). This Court reviews such decisions for abuse of discretion only. *See, e.g.*, *In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022). No party has challenged the District Court's exercise of discretion in this Court—and, in any event, the District Court exercised that discretion appropriately here, by permitting only limited redactions narrowly tailored to protect particular commercially sensitive information.

Consistent with its usual practice, this Court should therefore continue to maintain the relevant portions of the record under seal. This Court's Rules provide

5

that "[a]ny portion of the record that was placed under seal in the district court . . . remains under seal in this court unless otherwise ordered." D.C. Cir. Rule 47.1(a). And, where records are maintained under seal in this Court in an appeal from a district court, motions to unseal "will ordinarily be referred to the district court." D.C. Cir. Rule 47.1(c); *see Abou-Hussein v. Gates*, No. 09-5358, 2010 WL 2574084, at \*1 (D.C. Cir. June 11, 2010).

On appeal in this Court, the publicly filed version of the Joint Appendix contains the publicly filed versions of Mr. Browder's Reply and supporting materials, containing only limited redactions to conceal the precise material that the District Court determined to be commercially sensitive. *See* JA341–74. The sealed portions of the record contain unredacted versions of the same documents. *See* Sealed Supplement to the Joint Appendix. The same considerations that warranted the extremely limited, narrowly tailored redactions below warrant continued sealing and redaction of those materials in this Court. Should any challenge to the continued sealing of those materials arise, this Court should permit the District Court to address the matter in the first instance, consistent with this Court's usual practice. And, pursuant to this Court's Rule 47.1(f)(4), counsel will promptly notify the court if it is no longer necessary to maintain the sealed portions of the record under seal. D.C. Cir. Rule 47.1(f)(4).

For the foregoing reasons, Appellee respectfully requests that this Court maintain the sealed portions of the record under seal.

Respectfully submitted,

s/ Michael J. Gottlieb

Michael J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1442
mgottlieb@willkie.com

*Counsel for Defendant-Appellee William Browder*

March 2, 2023

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies with the applicable length limitations, because it contains 1,424 words, as determined by the word-count function of Microsoft Word.

s/ Michael J. Gottlieb

MICHAEL J. GOTTLIEB

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all parties through the Court's CM/ECF system.

s/ Michael J. Gottlieb

MICHAEL J. GOTTLIEB